**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mary Elizabeth HARRISON, Defendant–Appellant.**

**No. 89–7114.**

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1990.

---

John D. Nation, Dallas, Tex., for defendant-appellant.

Mark Nichols, Richard B. Roper, Asst. U.S. Attys., Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before WISDOM, GEE and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Mary Harrison, along with four other individuals, was indicted in February of 1989. The indictment named Harrison in four of the seven counts. On August 22, 1989, Harrison pleaded guilty to count five, which charged her with a controlled-substance violation. 21 U.S.C.A. § 841(a)(1) (West 1981). After receiving the presentence investigation report, the district court sentenced Harrison to 168 months in prison. Harrison appeals the sentence on several grounds.

I.

■ First, she asserts that the trial court sentenced her under the erroneous impression that it was without authority to depart downward from the Guidelines. Nothing in the record, however, supports this assertion. To the contrary, the record demonstrates that the trial judge was well aware of his authority to depart downward, but exercised his discretion not to do so. Harrison next argues, in the alternative, that the district court abused its discretion in declining to depart downward from the Guidelines on the basis that her criminal-history category had been overstated. To support this claim, she argues that, although she meets the technical requirements for career-offender status, she is not a career criminal in the ordinary sense of the term. She contends that the Guidelines do not adequately take into consideration that she committed all her crimes in a short period of time. The presentence report showed that Harrison's five previous controlled-substance violations all occurred in 1986 and 1987.

Harrison cites no case law, however, to support her position that numerous felony drug convictions should be an exception to the Guidelines career-offender provisions, if the offenses all occur within a short period of time. Moreover the career–offender section of the Guidelines deals specifically with the history and character of the crimes committed by Harrison. Section 4B1.1 provides for sentencing defendants who have felony convictions for violent crimes and controlled-substance offenses, and it reflects Congress's intent that defendants convicted of such crimes be imprisoned at or near the maximum term authorized for the offense. *See* 28 U.S.C.A. § 994(h). Therefore, the career-offender status was meant to apply not only to those defendants with long criminal histories but also to those who repeatedly commit drug-related or violent crimes, irrespective of the time-frame. Harrison's criminal activity falls squarely within these boundaries.

II.

■ Harrison's final argument involves the sentencing judge's decision not to de-

part downward on the basis of Harrison's previous cooperation with a prosecutor in another state. At the time of Harrison's sentencing, the district court had before it two letters: one from an Assistant United States Attorney in Wyoming addressed to an Assistant United States Attorney in the Northern District of Texas; and another from a local United States Attorney addressed to the district court. The letter from the local prosecutor stated that Harrison had cooperated in certain investigations and should receive consideration at sentencing, but not a substantial reduction in her sentence. The letter from the local prosecutor stated that Harrison did assist but did not assist substantially. Because the government did not move for a reduction of sentence pursuant to Guidelines Section 5K1.1, the district court refused to depart downward, but instead took Harrison's cooperation into consideration in selecting a punishment within the applicable guideline range.

Harrison concedes that the district court correctly applied the Guidelines. She argues that section 5K1.1 and 18 U.S.C.A. § 3553(e), both of which provide that a downward departure for substantial assistance can be made only following a motion by the government, violate her due process rights. Although we have addressed the relationship between section 5K1.1 and the statute on which it is based, we have never explicitly ruled on the constitutionality of

those provisions under the due process clause.[1] In *United States v. White*, 869 F.2d 822, 828–29 (1989), we held that Guidelines Section 5K1.1 was in accord with its statutory directive.[2] Pursuant to the applicable statute, the Guidelines were supposed "to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 28 U.S.C.A. § 994(n). Accordingly, Guidelines section 5K1.1 permits a sentencing judge to depart downward based on such information, provided first that the government file a motion citing the defendant's "substantial assistance" and requesting the downward departure. In *White* we upheld the validity of section 5K1.1 and explained that the requirement of a government motion as a condition precedent to downward departure "is predicated on the reasonable assumption that the government is in the best position to supply the court with an accurate report of the extent and effectiveness of the defendant's assistance." *Id.* at 829.

Harrison, however, does not contest the statutory validity of section 5K1.1 or its application to this case. Rather, she challenges the constitutionality of the government-motion requirement both in the statute and in the Guidelines. She argues that requiring such a motion before a judge may depart downward limits the judge's sentencing discretion in a way that violates

---

1. In a recent case, we held that the filing of a section 5K1.1 substantial-assistance motion by the government does not *entitle* a defendant to downward departure, but only *enables* the sentencing judge to depart on that ground at his discretion. *United States v. Damer*, 910 F.2d 1239, 1240–41 (5th Cir.1990). In a footnote in that case, we foreshadowed the scenario presented before us today. *Id.* at 1240 n. 1.

2. Section 3553(e) of title 18 provides that
   [u]pon motion of the government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C.A. § 3553(e) (West Supp.1990). Section 994(n) of title 28 provides that
   [t]he Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.
28 U.S.C.A. § 994(n) (West Supp.1990). Section 5K1.1 of the Sentencing Guidelines provides that
   [u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

due process. Harrison cites one district court decision, from another circuit, that supports her position. *United States v. Roberts*, 726 F.Supp. 1359 (D.D.C.1989);[3] *accord United States v. Curran*, 724 F.Supp. 1239 (C.D.Ill.1989).

Every federal appeals court that has ruled on the issue, however, has rejected this argument and has held that the government-motion requirement does not violate due process. *United States v. La Guardia*, 902 F.2d 1010, 1015–17 (1st Cir. 1990); *United States v. Lewis*, 896 F.2d 246, 249 (7th Cir.1990); *United States v. Gutierrez*, 908 F.2d 349, 351–52 (8th Cir. 1990); *United States v. Huerta*, 878 F.2d 89, 93 (2d Cir.1989); *United States v. Francois*, 889 F.2d 1341, 1344 (4th Cir. 1989); *United States v. Ayarza*, 874 F.2d 647 (9th Cir.1989); *United States v. Musser*, 856 F.2d 1484, 1487 (11th Cir.1988). The reasoning underlying these decisions is essentially as follows: Because defendants have no constitutional right in the first place to a "substantial assistance" departure provision in the Guidelines, they cannot claim that the section 5K1.1 government-motion requirement unconstitutionally limits the discretion of sentencing judges.[4] We agree with this reasoning and join the other circuits in holding that the government-motion requirement in 18 U.S. C.A. § 3553(e) and in Guidelines section 5K1.1 is consistent with due process.

AFFIRMED.

---

**3.** This same district court in a later decision stayed the *Roberts* holding except insofar as it applied to the specific way in which the U.S. Attorney in that district was applying the Guidelines. *United States v. Holland,* 729 F.Supp. 125, 134 (D.D.C.1990).

**4.** This argument draws heavily on the notion that Congress, by establishing specific mandato-

ry sentences, could constitutionally eliminate all sentencing discretion. *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 650–51, 102 L.Ed.2d 714 (1989) (citing *Ex parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916)).