953 F.2d 688
 293 U.S.App.D.C. 292
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Francis Willie COLEMAN, II, Appellant.
 No. 90-3262.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 5, 1992.
 
 Before MIKVA, Chief Judge, and KAREN LECRAFT HENDERSON and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction and sentence be affirmed. The sentencing court may grant a downward departure to recognize a defendant's substantial assistance to authorities only on the government's motion. See United States Sentencing Guidelines § 5K1.1; 18 U.S.C. § 3553(e); United States v. Ortez, 902 F.2d 61, 64 (D.C.Cir.1990). The government's decision not to move for departure is conclusive unless it "violates the terms of a cooperation agreement, is intended to punish defendant for exercising [his] constitutional rights, or is based on some unjustifiable standard or classification such as race." United States v. Doe, 934 F.2d 353, 358 (D.C.Cir.1991). No such circumstances are present here. Appellant's further argument that a change in United States Sentencing Guidelines § 5K1.1 between his arrest and sentence requires a different result is meritless. The amendment to § 5K1.1, replacing "made a good faith effort to provide" with "provided" substantial assistance, merely clarified that downward departures must "be based upon the provision of substantial assistance," not on a mere "willingness to provide such assistance." See United States Sentencing Guidelines App.C., amendment 290.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.