**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4528

JOSE FRANCISCO NOESI,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-96-138-BR)

Submitted: October 8, 1999

Decided: November 10, 1999

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Robert H. Hale, Jr., Raleigh, North Carolina, for Appellant. Jancie
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Jane J. Jackson, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jose Francisco Noesi appeals his conviction and sentence after pleading guilty to conspiracy to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, Noesi argues that Government breached the plea agreement by failing to address the court at sentencing regarding the extent of his cooperation with the Government.*

In his plea agreement, Noesi agreed that he would fully cooperate and disclose all conduct relevant to the charged crimes and any other crimes that he knew about. The Government agreed:

> That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, including whether the Government deems the Defendant to have substantially assisted authorities, or to have fulfilled his obligation under U.S.S.G. § 5C1.2, but the Government is not promising to move for departure pursuant to 18 U.S.C. § 3553(e) or U.S.S.G. § 5K1.1.

(JA 17-18).

The presentence report (PSR) reflected the fact that according to government agents, Noesi was debriefed and gave complete information concerning his conduct and appeared remorseful for his actions. However, the Government did not make a clear statement regarding the extent of Noesi's cooperation and whether it was substantial at the

_____

*Although Noesi agreed to a waiver of his appeal rights, the Government concedes that the waiver does not bar an appeal if the government breaches the plea agreement. See United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997); United States v. Craig, 985 F.2d 175 (4th Cir. 1993).

2

sentencing hearing. Noesi contends that the Government's failure to make any affirmative representations regarding his assistance or to announce to the court whether it deemed his assistance to be substantial breached the plea agreement.

When the defendant raises an issue concerning a breach of the plea agreement for the first time on appeal, the breach is reviewed under a plain error standard. See United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997). Under this analysis, Noesi bears the burden of demonstrating that there was an error, the error was plain, and the plain error affected his substantial rights. See United States v. Hastings, 134 F.3d 235, 239-40 (4th Cir.), cert. denied , ___ U.S. ___, 66 U.S.L.W. 3758 (U.S. May 26, 1998) (No. 97-8732). Specifically, he must show that the error prejudiced him to the extent that it affected the outcome of the proceedings. See United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir. 1993). Finally, "[w]hen reviewing a breached plea agreement for plain error . . . we must establish whether the breach was so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings." McQueen, 108 F.3d at 66 (internal quotation omitted).

The Government contends that it substantially complied with the terms of the plea agreement because the prosecutor's refusal to move for a § 5K1.1 downward departure was an implicit statement that the Government did not deem Noesi's assistance as substantial. The Government also asserts that its obligation was fulfilled by counsel's statement that he recognized that the Government was not going to file a § 5K1.1 motion. We find that the Government's refusal to file a § 5K1.1 motion is not the same as deeming that Noesi did not provide substantial assistance. The prosecutor's declaration that he did not intend to make the motion does not necessarily imply that the Government deemed that Noesi's assistance was not substantial. As this court has stated, "the government promised to `deem,' one way or the other. It must keep this promise." United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993). Even if the Government had determined that Noesi's assistance was not substantial, it was still required to inform the court of the extent of his cooperation. We find that this falls short of the performance for which Noesi bargained. Accordingly, we find there was plain error.

3

The court must next decide whether the breach affected the outcome of the proceedings. See Lewis, 10 F.3d at 1092. Noesi contends that, had the Government informed the court of the extent of his assistance, he might have been sentenced at the lower end of the sentencing guidelines range, instead of at the middle range.

There is no way of knowing whether Noesi's sentence would have been reduced if the court was informed of the full extent of his cooperation. We find that Noesi's argument that the breach may have had an effect on his sentence within the guidelines' range is persuasive. Because Noesi was sentenced at the middle of the sentencing guidelines range, the Government's breach may have affected the outcome of the proceedings. Despite the lack of a § 5K1.1 motion, the court has the authority to consider a defendant's assistance when determining a sentence within a range. See USSG§ 1B1.4 (in determining sentence within range, "court may consider, without limitation, any information concerning the background, character and conduct of the defendant"); United States v. Doe, 934 F.2d 353, 357 (D.C. Cir. 1991) ("holding that a court may always consider a defendant's assistance in selecting a sentence from within the guideline range") (emphasis in original). Thus, we find that Noesi was substantially prejudiced by the Government's breach.

Since it appears that Noesi provided some assistance, the Government's failure to unambiguously inform the court as to the full extent of Noesi's assistance violated the plea agreement. Equally violative of the plea agreement is the prosecutor's failure to deem whether Noesi's assistance was substantial. "[B]ecause violations of plea agreements on the part of the government serve not only to violate the constitutional rights of the defendant, but directly involve the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government," we find that the Government's breach constituted plain error and entitles Noesi to relief. McQueen, 108 F.3d at 66 (internal quotation omitted).

We therefore vacate the sentence and remand the case for resentencing with instructions for the Government to satisfy its obligations under the plea agreement. The case should be remanded to a different district court judge for resentencing. See United States v. Peglera, 33

4

F.3d 412, 415 (4th Cir. 1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

5