**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey BAYLES, Defendant–Appellant.**

**No. 90–2129.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 13, 1990.

Decided Jan. 18, 1991.

Ronald D. May, Office of the U.S. Atty., Barry R. Elden, Asst. U.S. Atty., Office of the U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Carol A. Brook, Nancy B. Murnighan, Office of the Federal Public Defender, Chicago, Ill., for defendant-appellant.

Before CUDAHY, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Jeffrey Bayles is a three time loser. On this, his third, drug conviction (he tried to buy 500 pounds of marijuana from a federal agent in exchange for counterfeit money) Bayles was treated as a "career offender" under U.S.S.G. 4B1.1. That sent his guideline range skyrocketing, and the district court sentenced him to 292 months' imprisonment. The court thought that Bayles had assisted the prosecution and should have been offered a reduction under U.S.S.G. 5K1.1 (policy statement), which provides:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

But the prosecutor declined to make a motion, and the district judge held that he was therefore powerless to reduce Bayles' sentence.

One might suppose that Bayles' principal argument would be that § 5K1.1, as a policy statement rather than a guideline, does not exhaust the grounds for departure. Courts may depart if the Sentencing Commission did not adequately consider a circumstance, 18 U.S.C. § 3553(b), and it may be that by writing a policy statement rather than a guideline the Commission has signalled that it does not think its treatment definitive. Cf. introductory note 3(a) to Chapter 7, which observes the Commission employs only policy statements, when discussing the revocation of probation, in order to leave courts "greater flexibility". Whether § 5K1.1 leaves such "flexibility" has divided the courts of appeals. Compare *United States v. White*, 869 F.2d 822, 829 (5th Cir.1989) (yes), with *United States v. LaGuardia*, 902 F.2d 1010, 1017 & n. 6 (1st Cir.1990) (maybe), with *United States v. Soliman*, 889 F.2d 441, 443–44 (2d Cir. 1989) (no). Neither in the district court nor in this one did Bayles argue that the status of § 5K1.1 as a policy statement matters. We therefore do not pursue the subject, which recently cleaved the eighth circuit in half. *United States v. Gutierrez*, 917 F.2d 379 (8th Cir.1990) (in banc) (affirmance by equally divided court). Instead we address the only claim Bayles presents: that the due process clause of the fifth amendment entitles him to a lower sentence.

*United States v. Lewis*, 896 F.2d 246 (7th Cir.1990), and *United States v. Valencia*, 913 F.2d 378, 386 (7th Cir.1990), reject the argument that § 5K1.1 violates the due process clause by putting in the prosecutor's pocket the keys to a departure from the guidelines. Bayles insists that the gatekeeping power created by § 5K1.1 and confirmed by *Lewis* and *Valencia* may not

be exercised arbitrarily, and that the due process clause therefore requires case-by-case review of the reasons the prosecutor failed to authorize a departure. Such an inquiry would reveal, Bayles contends, that the prosecutor acted arbitrarily, hence unconstitutionally, in his case.

A search for poorly-justified conduct is substantive rather than procedural. Invocations of substantive due process have fared poorly in recent years. E.g., *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). One court of appeals has said that § 5K1.1 allows "prosecutors unlimited and unreviewable discretion in deciding whether to make substantial assistance motions" and held it constitutional as so understood. *United States v. Huerta*, 878 F.2d 89, 93 (2d Cir.1989). "Unlimited" is too broad. Prosecutorial decisions whether (and on what charge) to proceed, albeit at the core of executive discretion, may be reviewed to ensure that the prosecutor did not base a decision on prohibited criteria such as race or speech. See *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). Perhaps review of a failure to make a § 5K1.1 motion is the same as review of the decision to prosecute on a greater rather than a lesser offense, or to select an offense with a steep mandatory minimum, or to rebuff overtures to plea bargaining and insist on either a trial or a plea to all charges. Any of these prosecutorial decisions ties judges' hands; none is reviewable beyond the limits limned in *Wayte*. See, e.g., *United States v. Batchelder*, 442 U.S. 114, 125–26, 99 S.Ct. 2198, 2204–05, 60 L.Ed.2d 755 (1979); *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). Failure to make a motion under § 5K1.1 has the same effect as failure to take cooperation into account in offering a plea bargain. In neither case does the defendant get a reward for cooperation—but in neither does the defendant face a sentence greater than the one prescribed for the offense.

Several courts of appeals have expressed doubts about whether they would follow this line of argument. E.g., *United States v. Justice*, 877 F.2d 664, 667–69 (8th Cir. 1989); *LaGuardia*. In brief and oral argument, the prosecutor conceded that failure to make a motion under § 5K1.1 could be reviewed under the approach of *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952): what shocks the judicial conscience is unconstitutional. After argument the prosecutor retracted this concession, observing that the Solicitor General likens making or withholding a § 5K1.1 motion to prosecutorial discretion and has argued that the decision is consequently unreviewable. We need not decide whether the Constitution calls for review of the § 5K1.1 decision more searching than that *Wayte* employs for the decision to prosecute.

Bayles agreed to assist the prosecutor in another case. Then he gave testimony that assisted the defense, leading to his indictment for perjury. The prosecutor in this case understandably doubts the value of information Bayles offers. He also observes that any testimony Bayles gives could be impeached by the pending indictment. These considerations afford a rational basis for declining to make a motion under § 5K1.1. "Once burned, twice shy" is not an unconstitutional motto.

AFFIRMED.