989 F.2d 503
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
James E. VERSER, Defendant/Appellant.
 No. 91-3873.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1993.*
Decided March 8, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Believing that he was entitled under the terms of his plea agreement to a reduction of his ten-year sentence in return for providing substantial assistance to the government in the prosecution of other cases, James E. Verser moved for a court order directing the government to file a motion pursuant to Fed.R.Crim.P. 35(b), or alternatively, to lower his sentence notwithstanding the absence of a motion by the government. Verser also requested an evidentiary hearing to determine whether the government had acted in bad faith in refusing to file a Rule 35(b) motion. The district court determined that the government had fulfilled its obligations under the plea agreement, and accordingly denied Verser's motion. Verser appeals. We affirm.
 
 I. BACKGROUND
 
 2
 On January 21, 1989, a federal grand jury returned a superseding indictment against James E. Verser and fifteen other codefendants, charging them with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2 (Count One). Verser entered into a written plea agreement with the government, which provided that he would plead guilty to Count One of the indictment and would cooperate with the government in the investigation of narcotics trafficking. Paragraph Eight of that plea agreement provided in relevant part:
 
 
 3
 If the defendant provides substantial assistance to the United States as a result of his cooperation, the government reserves the right to recommend a downward departure from the applicable Sentencing Guideline range and/or the statutory mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e). It is expressly agreed, however, that at the time of sentencing, both sides remain free to make whatever sentencing recommendation they feel appropriate.
 
 
 4
 Furthermore, Paragraph Twelve provided that "no threats, promises, representations or other inducements have been made, nor agreements reached, other than those set forth in this agreement to induce defendant to plead guilty."
 
 
 5
 At Verser's guilty plea hearing, the district court established that Verser understood the terms and conditions of the plea agreement, and that Verser had not been promised anything beyond what was stated in the agreement in return for his guilty plea. The court also made certain that Verser understood that the penalty in his case called for a minimum sentence of ten years and a maximum sentence of life imprisonment, and at least five years of supervised release, and that although the agreement indicated that Verser would be cooperating with the government, the court would not be obliged to accept any eventual sentencing recommendation that the government might make. The court then accepted Verser's guilty plea.
 
 
 6
 At the sentencing hearing, it was established that Verser had two prior convictions for crimes of violence. Under these circumstances, the district court advised Verser that Sentencing Guideline 4B1.1(A), the Career Offender provision, would normally apply.[1] Based on Verser's substantial assistance in other prosecutions, the government recommended that the court depart downward from the applicable Guideline range and sentence Verser to fifteen years in prison. On March 30, 1990, the district court sentenced Verser to ten years in prison, followed by five years of supervised release.[2]
 
 
 7
 Proceeding pro se, Verser filed a motion with the district court on October 10, 1991, requesting that the court order the government to file a motion pursuant to Fed.R.Crim.P. 35(b) to reduce his sentence, or in the alternative, to consider a reduction of his sentence despite the absence of a motion by the government. As grounds for granting this motion, Verser provided an affidavit in which he stated that he had assisted the government in the prosecution of two other offenders charged with drug-related crimes, and that in return for this assistance, a government agent had told him in February of 1991 to "trust the Government to do good by him," (R. at 39; Verser Aff. para. 9), even though "the Government did not want to make any promises in this case." Id. Verser further alleged that despite his testimony as a government witness in open court on March 15, 1991, the government refused to make a timely Rule 35(b) motion to reduce his sentence. Verser also requested an evidentiary hearing to establish that the government had acted in bad faith in refusing to file a Rule 35(b) motion. The district court determined that the government had fulfilled all of the obligations it had undertaken in its written plea agreement with Verser, and that the agreement contained no promises to move for a Rule 35(b) reduction in sentence. The district court accordingly denied Verser's motion, and Verser filed a timely appeal.
 
 II. ANALYSIS
 
 8
 As a preliminary matter, we note that relief in the form of a court order directing the government to file a Rule 35(b) motion for a reduction of Verser's sentence would have been to no avail in this case, since the one-year time limit for filing a Rule 35(b) motion had elapsed by the time Verser filed his request for the order.[3] Verser did, however, request that the district court "consider a departure notwithstanding the Government's refusal to file the requisite motion." Construing this language liberally allows us to characterize Verser's motion as one to vacate his original sentence and resentence him pursuant to 28 U.S.C. § 2255, provided the claims he has raised are properly cognizable under that statute.
 
 
 9
 Relief under § 2255 is available to persons who allege that they are being held in custody in violation of the constitution. See United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979). In this case, Verser alleges that the government breached its plea agreement with him through its bad faith refusal to file a Rule 35(b) motion. A breach by the government of any express or implied terms of a plea agreement is a violation of due process, and thus may be challenged under § 2255. See Mabry v. Johnson, 467 U.S. 504, 509, 104 S.Ct. 2543, 2547 (1984); Santobello v. New York, 404 U.S. 257, 262-63, 92 S.Ct. 495, 499 (1971); United States v. Doe, 940 F.2d 199, 202 (7th Cir.), cert. denied, 112 S.Ct. 201 (1991).
 
 
 10
 It is well-established that "(a) plea bargain is a contract, the terms of which necessarily must be interpreted in light of the parties' reasonable expectations." United States v. Fields, 766 F.2d 1161, 1168 (7th Cir.1985) (quoting United States v. Mooney, 654 F.2d 482, 486 (7th Cir.1981)). The parties' reasonable expectations are judged on the basis of an objective standard, id.; see also United States v. Osborne, 931 F.2d 1139, 1162 (7th Cir.1991), which requires us to look first to the express provisions of the plea agreement. Doe, 940 F.2d at 202. Moreover, "(o)ur Circuit has taken a restrictive view towards implying sentencing promises into agreements." Id. at 203 (citations omitted).
 
 
 11
 We note that by the terms of Paragraph Eight, the government "reserves the right to recommend a downward departure from the applicable Sentencing Guideline range and/or the statutory mandatory minimum sentence," in exchange for "substantial assistance" from Verser in the investigation of narcotics trafficking. We need not decide whether by these terms the government implicitly obligated itself to seek such a departure, see Fields, 766 F.2d at 1169, since it is undisputed that the government recommended to the district court that Verser be sentenced to fifteen years imprisonment, 112 months below the minimum sentence applicable in Verser's case under the Sentencing Guidelines. Moreover, as indicated by the "and/or" term in the agreement, the government did not commit itself to recommend a sentence below the statutory minimum of ten years. Therefore, the government fully complied with the language contained in Paragraph Eight of the plea agreement. See United States v. O'Brien, 853 F.2d 522, 524-26 (7th Cir.1988).
 
 
 12
 Furthermore, the plea agreement contains no express mention of a promise to file a Rule 35(b) motion for a reduction in Verser's sentence. Although "(a)n express promise to file a [Rule 35] motion unambiguously binds the government, (t)he lack of such a promise is clear evidence that such a promise was not made." Doe, 940 F.2d at 203 (quoting United States v. Coleman, 895 F.2d 501, 506 (8th Cir.1990)). In the absence of any mention of a Rule 35(b) motion, Verser may not reasonably read his plea agreement as binding the government to file the motion. See id.
 
 
 13
 In his Reply Brief, Verser relies on Paragraph Seven of the plea agreement as providing evidence that the government mislead him into believing that his continued cooperation would lead to a government motion to reduce his sentence below the ten-year statutory minimum. Paragraph Seven states in relevant part that "the United States Attorney's Office will fully apprise the District Court ... of the nature, scope and extent of the Defendant's conduct regarding the charge against him and related matters, including all matters in aggravation and mitigation relative to the issue of sentencing." Verser argues that this language implies that the government would continue to apprise the district court of mitigating factors, such as subsequent cooperation, even after Verser's sentencing hearing. In light of our "restrictive view" of implied promises in sentencing agreements, and the "extraordinary nature of the relief provided by Rule 35(b)," see id. we decline to read such a promise into Verser's plea agreement. The plain language of the agreement indicates that the government would simply advise the district court of all it knew of Verser's relevant conduct at the time of his sentencing hearing.[4]
 
 
 14
 Verser also alleges that in refusing to file a Rule 35(b) motion, the government has acted in bad faith, on the basis of "bias" and "capricious reasons." In Wade v. United States, 112 S.Ct. 1840 (1992), the Supreme Court held that in the context of downward departures from the Sentencing Guidelines, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." 112 S.Ct. at 1842-43. In this case, Verser has failed to allege, and nothing in the record leads us to believe, that the government refused to file a Rule 35(b) on the basis of any constitutionally impermissible reason. See id. at 1844. Furthermore, it was reasonable for the government to believe that Verser's continued cooperation was required under the terms of his written plea agreement, and that the government had no further obligations to fulfill in return for Verser's continued cooperation. See United States v. Egan, 966 F.2d 328, 332 (7th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (1993); see also United States v. Ataya, 864 F.2d 1324, 1332 (7th Cir.1988). Finally, since Verser's allegations and supporting documents were inadequate to raise a significant factual issue in this case, no evidentiary hearing is necessary. See Wade, 112 S.Ct. at 1844; United States v. Sophie, 900 F.2d 1064, 1071 (7th Cir.), cert. denied, 111 S.Ct. 124 (1990).
 
 CONCLUSION
 
 15
 The district court's dismissal of Verser's motion is
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 With a two-level downward adjustment for acceptance of responsibility, Verser's Total Offense Level would have been set at 35, with a Criminal History category of VI. At this level, the Sentencing Guidelines provide for a range of 292 to 365 months in prison, and a minimum of five years of supervised release
 During the sentencing hearing, Verser considered withdrawing his guilty plea but decided not to do so. Although Verser made no formal motion to withdraw his plea, the court indicated that if Verser were to make such motion, the court would not accept it in light of statements Verser made during his Rule 11 colloquy.
 
 
 [2]
 Verser appealed his conviction pro se, then moved to dismiss his appeal pursuant to Fed.R.App.P. 42(b). This court granted the motion, dismissing Verser's appeal. United States v. Verser, No. 90-1780 (7th Cir. December 27, 1990)
 
 
 [3]
 Verser was sentenced on March 30, 1990, under the 1987 version of Rule 35(b). See, e.g., United States v. Hayes, No. 91-3464, slip op. at 5, 5 n. 4 (7th Cir. December 29, 1992)
 
 
 [4]
 Concerning the oral promise that a government agent allegedly made to Verser in February, 1991, to "trust the government to do good by him" in return for his testimony in a pending case, we observe that by Verser's own affidavit, the existence of an implied promise was negated by the agent's subsequent statement that "the Government did not want to make any promises in this case." (Verser Aff. para. 9.) See United States v. Sophie, 900 F.2d 1064, 1071 (7th Cir.) (similar statement was held to show that defendant's belief that a promise had been made was unreasonable), cert. denied, 111 S.Ct. 124 (1990)