12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Phonnie DOWNEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2940.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 19, 1993.*
Decided Dec. 9, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Phonnie Downen entered into a written plea agreement with the government, agreeing to plead guilty to a one-count information charging him with conspiracy to distribute marijuana in violation of 21 U.S.C. Sec. 846 in exchange for the dismissal of two indictments. Instead of filing a direct appeal, Downen filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255, alleging that the government breached the plea agreement by offering testimony at Downen's sentencing hearing concerning conduct which had been the subject of one of the dismissed indictments. The district court held an evidentiary hearing and denied the motion. We affirm.
 
 I. BACKGROUND
 
 2
 Downen's plea agreement with the government provided that, in exchange for pleading guilty to the marijuana conspiracy, the government would move to dismiss two indictments against Downen, charging him with taking part in a larger marijuana conspiracy and with conspiring with others to distribute methamphetamine. The plea agreement specifically provided that Downen faced a penalty of up to five years imprisonment, to be followed by a potential life term of supervised release. The plea agreement also provided that the government would fully apprise the district court and the United States Probation Office of "all matters in aggravation and mitigation relevant to ... sentencing." (Plea Agreement, para. 14, R. at 3.) The agreement explicitly warned Downen that neither the probation department nor the district court would be bound by the agreement, and that the district court would be free to impose the maximum penalty for the charged offense. At Downen's guilty plea hearing, the district court conducted a careful and thorough Rule 11 colloquy in which it, too, made clear to Downen that he faced a term of imprisonment of up to five years, and that if his sentence turned out to be longer than he anticipated, he would nevertheless be precluded from withdrawing his guilty plea. (Plea Hr'g, R. at 12.)
 
 
 3
 At Downen's sentencing hearing, the government presented the testimony of Debbie Deal, who testified that she had witnessed a transaction between Downen and two other persons during which one pound of methamphetamine was delivered to Downen. In the presentence report addendum, the government stated that the methamphetamine transaction, if it indeed took place, was not relevant conduct for purposes of sentencing. The government recommended that Downen's total offense level under the Sentencing Guidelines be set at six, reflecting only the marijuana conspiracy charge to which Downen pleaded guilty. The probation department disagreed with this recommendation, stating that the methamphetamine transaction constituted relevant conduct under U.S.S.G. Sec. 1B1.3(a) because it occurred during the same time period as the marijuana conspiracy and involved the same source of supply. The probation department therefore recommended that Downen's total offense level be set at twenty-two.[1] The district court adopted the position of the probation department, and sentenced Downen to forty-six months imprisonment and three years of supervised release, the lowest term available under the guideline calculation.
 
 
 4
 In lieu of an appeal, Downen, with counsel's assistance, filed the present Sec. 2255 motion. Downen alleges that the government breached its plea agreement with him by calling a "surprise" witness, Debbie Deal, who the government knew would present testimony undercutting its own sentencing recommendation. The district court held an evidentiary hearing, then denied the motion.[2] Acting pro se, Downen filed this timely appeal.
 
 II. ANALYSIS
 
 5
 Relief under Sec. 2255 is available to persons who allege that they are being held in custody in violation of the constitution. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A breach by the government of any express or implied terms of a plea agreement is a violation of due process, and thus may be challenged under Sec. 2255. See Mabry v. Johnson, 467 U.S. 504, 509 (1984); Santobello v. New York, 404 U.S. 257, 262-63 (1971); United States v. Doe, 940 F.2d 199, 202 (7th Cir.), cert. denied, 112 S.Ct. 201 (1991).
 
 
 6
 It is well-established that "(a) plea bargain is a contract, the terms of which necessarily must be interpreted in light of the parties' reasonable expectations." United States v. Fields, 766 F.2d 1161, 1168 (7th Cir.1985) (quoting United States v. Mooney, 654 F.2d 482, 486 (7th Cir.1981)). The parties' reasonable expectations are judged on the basis of an objective standard, id.; see also United States v. Osborne, 931 F.2d 1139, 1162 (7th Cir.1991), which requires us to look to the express provisions of the plea agreement. Doe, 940 F.2d at 202. In this circuit, we take "a restrictive view towards implying sentencing promises into agreements." Id. at 203 (citations omitted).
 
 
 7
 Downen alleges that the government breached its plea agreement with him by offering the testimony of Debbie Deal to establish that Downen was involved in a methamphetamine transaction, a charge which was dismissed in exchange for Downen's guilty plea but which the district court considered in calculating Downen's sentence. Downen further contends that he was never informed that the district court could consider a dismissed charge as "relevant conduct" for purposes of sentencing, and that he would not have agreed to plead guilty had he been informed of this fact.[3]
 
 
 8
 The record clearly demonstrates that the government abided by the express provisions of the plea agreement. As provided in the agreement, the government recommended to the district court that Downen's base offense level under the Sentencing Guidelines be reduced by two levels for acceptance of responsibility and by two additional levels for minor participation in the conspiracy. Rather than stipulating to any position regarding relevant conduct, the agreement stated that the government would fully inform the district court and the probation department of any matters that would have a bearing on Downen's sentence. To this end, the government filed written objections to the presentence report, advising the district court that the marijuana conspiracy count to which Downen pleaded guilty was the only relevant conduct that was supported by credible evidence, and recommending that the methamphetamine transaction not be considered for purposes of sentencing.[4]
 
 
 9
 Downen's contention that the government acted in bad faith by presenting the testimony of Debbie Deal is also without merit. In determining the appropriate Guidelines sentence, a district court may consider charges that were dismissed pursuant to a plea agreement. See United States v. Salva, 902 F.2d 483, 488 (7th Cir.1990). The district court's finding that Downen knew he could be sentenced on the basis of the methamphetamine transaction is amply supported by the record and forecloses any claim that Downen's reasonable expectations under the plea agreement were thwarted.[5] See id. at 487-88. Although the government disagreed with the probation department's sentencing recommendation, it did not--and could not--agree to withhold pertinent information concerning Downen's conduct from the sentencing court. See Wasman v. United States, 468 U.S. 559, 563 (1984) ("The sentencing court ... must be permitted to consider any and all information that reasonably might bear on the proper sentence"); see also United States v. Hand, 913 F.2d 854, 856-57 (10th Cir.1990); United States v. Williamsburg Check Cashing Corp., 905 F.2d 25, 28 (2d Cir.1990); United States v. Mata-Grullon, 887 F.2d 23, 24-25 (1st Cir.1989) (per curiam ). Downen's allegations of bad faith must therefore be rejected.
 
 
 10
 The district court's denial of Downen's Sec. 2255 motion is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 All parties agreed that Downen has a criminal history category of II
 
 
 [2]
 Although Downen failed to file a direct appeal, the government accepts the district court's determination that Downen is not procedurally barred from raising his claim. We therefore address the merits of Downen's Sec. 2255 motion. See Pierce v. United States, 976 F.2d 369, 370 n. 1 (7th Cir.1992); Andrews v. United States, 817 F.2d 1277, 1278-79 n. 1 (7th Cir.), cert. denied, 484 U.S. 857 (1987)
 
 
 [3]
 Downen also alleges that the district court never accepted his guilty plea, a contention which is flatly contradicted by the record. (Plea Hr'g, R. at 12.) Moreover, Downen's unsubstantiated claim that he had a separate oral agreement with the government that it would recommend probation rather than imprisonment is in direct contradiction with the express terms of the written plea agreement
 
 
 [4]
 (R. at 8a, Report of Reasons for Imposing Sentence.)
 
 
 [5]
 Furthermore, the sentence that was imposed (forty-six months imprisonment, followed by three years of supervised release) was well within the maximum penalty provided by statute, as stated in the plea agreement and clearly explained to Downen prior to the court's acceptance of his guilty plea