16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald S. LOWRY, Defendant-Appellant.
 No. 93-2118.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 28, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Donald Lowry is serving terms of imprisonment for substantive fraud offenses plus conspiracy to commit mail fraud. On a prior appeal we concluded that the sentence for the conspiracy, which continued after November 1, 1987, had to be determined under the Sentencing Guidelines. 971 F.2d 55, 66-67 (1992). On remand the district court imposed a term of 5 years for conspiracy, to run consecutively with 14 years for the pre-Guidelines substantive offenses.
 
 
 2
 After procedural maneuvers that it is unnecessary to recount, Lowry asked the district court to reduce the sentences for the pre-Guidelines counts under the version of Fed.R.Crim.P. 35(b) that applied until November 1, 1987. The district court denied the motion, ruling that because one of Lowry's sentences had been imposed under the Guidelines, the old version of Rule 35 is altogether inapplicable. To the extent Lowry was seeking relief from the Guidelines sentence, only the current version of Rule 35 applies. But to the extent he seeks a modification of the sentences for the substantive counts, the former Rule continues to apply. United States v. Doe, 940 F.2d 199, 202 (7th Cir.1991). The United States has commendably conceded the point given the language of Doe and the pertinent statutes.
 
 
 3
 The judgment of the district court is vacated, and the case is remanded so that the district court may exercise the discretion provided by the former Rule 35 for sentences (all but the conspiracy count) imposed under pre-Guidelines law.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Neither party filed a statement requesting oral argument, so the appeal is submitted for decision on the briefs and record