UNITED STATES of America, Plaintiff,

v.

Gregory Joseph SALDIVAR, Defendant.

No. CR–S–89–113–LDG(LRL).

United States District Court,
D. Nevada.

Jan. 29, 1990.

Camille W. Chamberlain, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff.

Donald J. Green, Las Vegas, Nev., for defendant.

## ORDER

GEORGE, District Judge.

This matter comes before the court on Saldivar's motion to declare the Federal Sentencing Guidelines unconstitutional, arguing that they violate the Due Process Clause of the Fifth Amendment. (# 22, # 39). Supporting his position, Saldivar presents many different arguments, categorizing them into two groups: (1) defects in the Guidelines themselves and (2) defects resulting from the Commission's failure to follow the relevant legislation. However, regardless of the characterization, Saldivar really raises only one issue: whether he has a constitutional due process right to judicial discretion and an individualized sentence.

The circuit courts considering this issue have unanimously held that he has no right to either. *Eg. United States v. Frank,* 864 F.2d 992 (3rd Cir.1988); *United States v. White,* 869 F.2d 822 (5th Cir.1989); *United States v. Vizcaino,* 870 F.2d 52 (2d Cir. 1989); *United States v. Brittman,* 872 F.2d 827 (8th Cir.1989).

After considering Saldivar's arguments, the reasoning of the district courts that have declared the Guidelines unconstitutional, and the circuit decisions addressing this issue, this court adopts the circuits' reasoning and holds that Saldivar has no constitutional right to either judicial discretion or an individualized sentence. The court will now address Saldivar's arguments individually.

### Defects in the Guidelines

Saldivar first argues that the Guidelines are unconstitutional because they do not permit the sentencing judge to use discretion to apply sentencing information in ways that reflect its varying degrees of uncertainty. In *United States v. Restrepo,* 883 F.2d 781, 784 n. 7 (9th Cir.1989), the Ninth Circuit summarily rejected this argument. Consequently, this court will follow that decision. *See also United States v. Sciarrino,* 884 F.2d 95, 97 (3rd Cir.1989).

Next, Saldivar argues that the Guidelines violate due process by employing a mechanical formula that does not take into account mitigating background factors such as age, education, employment, mental health, alcohol and drug addiction, and community ties. This argument, too, has been uniformly rejected. *E.g. United States v. Seluk,* 873 F.2d 15, 16–17 (1st Cir.1989); *United States v. Barnerd,* 887 F.2d 841, 842 (8th Cir.1989).

Third, he argues that the Guidelines are unconstitutional because the Commission oversimplified the sentencing formula. But this is just another argument for a right to judicial discretion and an individualized sentence based on mitigating factors and judicially balanced information.

Finally, Saldivar argues that the Guidelines unconstitutionally allow prosecutors to determine sentences by deciding which charges to bring and how to characterize his involvement in the crime. But prosecutors have always had broad charging discretion. *United States v. Batchelder,* 442 U.S. 114, 124, 99 S.Ct. 2198, 60 L.Ed.2d 755

(1979). Though the Guidelines now limit judicial discretion, they are not facially invalid simply because prosecutors are influenced by the available penalties when charging a defendant and characterizing his involvement in a crime. *United States v. Thomas,* 884 F.2d 540, 544 (10th Cir. 1989).

### Failure to Follow Legislation

■ Saldivar argues that the Guidelines are unconstitutional because the Commission failed to follow the Sentencing Reform Act, 18 U.S.C. § 3553(a), and instead made probation available for only the most insignificant crimes. However, Congress gave the Commission broad discretion to decrease the availability of probation. Thus, the Guidelines do not violate due process. *White,* 869 F.2d at 827; *United States v. Erves,* 880 F.2d 376, 380 (11th Cir.1989).

■ Saldivar next argues that the Commission failed to formulate the Guidelines in a way that minimizes the likelihood that federal prison population would exceed its capacity, violating 28 U.S.C. § 994(g). But this statute was not a prohibition against any increase in the prison population. *White,* 869 F.2d at 828; *Erves,* 880 F.2d at 380. For instance, § 994(g) also authorizes the Commission to recommend expansion of prison facilities. Moreover, the legislative history indicates that Congress did not intend to "limit the Sentencing Commission in recommending guidelines that it believes will best serve the purposes of sentencing." S.Rep. No. 225, 98th Cong., 2nd Sess. 175, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3358. Instead, it intended that the Commission consider the Guideline's effect on such an increase and recommend any necessary changes. *Id.* The Commission did so, and determined that the expected increase in general prison population was not prohibitive. *White,* 869 F.2d at 828.

Saldivar also argues that the Guidelines deprive the judge of the statutorily granted discretion to impose supervised release, except where the statute requires. 18 U.S.C. § 3583(a). But Saldivar is really seeking a declaration that he has a right to judicial discretion. He simply does not. Moreover,

Congress gave the Commission authority to determine the availability of supervised release. Consequently, the Commission had the authority to decrease its availability if doing so served the purpose of sentencing.

Saldivar further argues that the Guidelines violate 18 U.S.C. § 3571(a) by making fines mandatory unless the defendant is unable to pay. But again, the Guidelines have merely limited judicial discretion.

■ He next argues that the Guidelines violate due process because only the government may move to reduce his sentence for cooperation. But this procedure is predicated on the government being in the best position to supply the court with an accurate report. *White,* 869 F.2d at 829. It does not preclude the defendant from showing that the government is refusing to recognize his assistance. *Id.* While the court recognizes that this Guideline may be unconstitutionally applied in a specific case, it is not facially unconstitutional. Saldivar gives this court no grounds for finding that he has suffered any harm.

■ Finally, Saldivar argues that the Guidelines violate the statutory directive to remove sentencing disparity because they calculate present sentences based on the length of past criminal sentences. 28 U.S.C. §§ 991(b)(1)(B), 991(f); 18 U.S.C. § 3553(a)(6). Though the method may not be perfect, it adequately accomplishes Congress' goal to base sentences on "the nature and circumstances of the offense and the history and characteristics of the defendant." *White,* 869 F.2d at 828.

For the above stated reasons, the court finds that the Federal Sentencing Guidelines are constitutional. Accordingly,

IT IS ORDERED THAT Saldivar's Motion to Declare the Federal Sentencing Guidelines Unconstitutional (# 22, # 39) is denied.