UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth WILLIAMS, Defendant–
Appellant.

No. 98–50157.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 1999.[1]

Decided May 28, 1999.

As Amended on Denial of Rehearing and
Rehearing En Banc Sept. 17, 1999.

Jonathan D. Soglin, San Francisco, California, for the defendant-appellant.

Timothy J. Searight, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: WRIGHT, WALLACE, and SKOPIL, Circuit Judges.

PER CURIAM.

Kenneth Williams pleaded guilty to both conspiracy to possess and distribute cocaine base, and possession with intent to distribute cocaine base. The district court

1. The panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a).

sentenced him to 151 months of incarceration and five years of supervised release on each of the two counts, to be served concurrently. He appeals from his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Williams argues that the court wrongly determined, under United States Sentencing Guidelines § 3B1.2(b), that he was not a minor participant in the offenses of conviction. We review for clear error. *See United States v. Benitez,* 34 F.3d 1489, 1497 (9th Cir.1994) (*Benitez* ).

The Guidelines provide a two-level reduction for minor participant status if the defendant is substantially less culpable than most other participants in the offense. *See* U.S.S.G. § 3B1.2, comment. (n.3), (backg'd.); *Benitez,* 34 F.3d at 1498.

■ Williams argues that he was a minor participant because his role in the conspiracy and in the possession of the seized cocaine was subservient and minor. However, Williams conducted cocaine sales both when Butler was present and when he was not, and he offered both his own pager number and Butler's for subsequent transactions. Moreover, Williams pled guilty to possessing the 210 grams of cocaine jointly with Butler. It was Williams's burden to show substantially less culpability. *United States v. Howard,* 894 F.2d 1085, 1089 (9th Cir.1990). The court found that Williams did not show by a preponderance of the evidence that he was substantially less culpable than Butler. We hold that this finding is not clearly erroneous.

■ Williams next argues that the court improperly calculated his base offense level by including all the cocaine found in Butler's house. We normally review for clear error the determination of the quantity of narcotics attributable to a defendant for sentencing purposes. *See United States v. Asagba,* 77 F.3d 324, 325 (9th

Cir.1996). But when, as here, no objection was made to the finding at sentencing, we review for plain error. Fed.R.Crim.P. 52(b).

■ Williams argues that it was plain error for the court to attribute to him all the cocaine found at Butler's home because Butler was not his cocaine supplier and only told him where to sell and referred buyers to him. Williams, however, did not object at sentencing to the quantity used to establish his base offense level, which was consistent with the quantity charged in the indictment. The court found that possession of that quantity was foreseeable by Williams and fell within the scope of the conspiracy to which he pleaded guilty. We hold that it was not plain error for the court to include all the cocaine base seized from Butler's home in determining Williams's base offense level.

■ Finally, Williams contends that the court erred in sentencing him because the Guidelines are not in compliance with the federal statute mandating that the Commission formulate them to minimize the likelihood of overcrowding federal prisons. *See* 28 U.S.C. § 994(g). He cites a Federal Bureau of Prisons report indicating that federal prisons were 127% over capacity in 1998.

We addressed the same issue in *United States v. Martinez–Cortez,* 924 F.2d 921, 923 (9th Cir.1991) (*Martinez–Cortez* ). We pointed out that every court addressing this argument had rejected it. *Id.* (listing cases). We stated that the "Commission extensively studied the effect of the proposed guidelines upon the prison population," and concluded that the expected 10% increase in federal prison population over the next ten years did not violate 28 U.S.C. § 994(g). *Id.* at 924 & n. 6. Williams argues that the federal prison population has increased so much more than 10% that *Martinez–Cortez* does not foreclose the claim in this case. He is wrong. *Martinez–Cortez* controls this case.

Section 994(g) mandates that the Commission formulate the Guidelines "to minimize the likelihood that the Federal prison population will exceed the capacity of the Federal prisons," but it does not legislate against increased federal prison populations. 28 U.S.C. § 994(g). Rather, it authorizes the Commission to recommend change or expansion of correctional facilities and services that might become necessary as a result of the Sentencing Guidelines. *Id.*

AFFIRMED.