**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Angelo BRAVO–FIGUEROA,
Defendant—Appellant.**

**No. 01–10467.
D.C. No. CR–00–01707–JMR.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 10, 2002.*

Decided April 25, 2002.

Before SNEED, SKOPIL, and
FARRIS, Circuit Judges.

MEMORANDUM **

Angelo Bravo–Figueroa pleaded guilty to possession with intent to distribute marijuana, 21 U.S.C. § 841(a). He argues on appeal for a reduced sentence under

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

U.S.S.G. § 3B1.2 based on his minor role in the offense. We affirm.

## DISCUSSION

We reject Bravo–Figueroa's contention that his role as a drug courier automatically entitles him to a reduced sentence. *See United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994) ("courier status does not automatically entitle [defendant] to a downward adjustment"). His admissions that he knew the vehicle contained drugs and that he would be compensated are sufficient to preclude the role adjustment. *See United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000). Further, Bravo–Figueroa's self-serving claims of ignorance are not adequate to carry his burden of establishing entitlement to the role adjustment. *See Ajala v. U.S. Parole Comm'n,* 997 F.2d 651, 657 (9th Cir.1993); *United States v. Lui,* 941 F.2d 844, 849 (9th Cir. 1991). Finally, we reject Bravo–Figueroa's contention that the district court's decision to impose a sentence less than the maximum of the guideline range based on his "role in this particular offense" compels the court also to grant the role reduction. Bravo–Figueroa simply failed to carry his burden of demonstrating that he was entitled to the adjustment. *See United States v. Williams,* 185 F.3d 945, 946 (9th Cir. 1999).

AFFIRMED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.