**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Santiago PADILLA, Jr., Defendant–Appellant.**

No. 99–50629.
D.C. No. CR 99–00186–ER–3.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2000.

Withdrawn from Submission Oct. 15, 2001.

Decided Aug. 19, 2002.

Before D.W. NELSON, BRUNETTI, and KOZINSKI, Circuit Judges.

MEMORANDUM *

Santiago Padilla, Jr., ("Padilla") appeals his conviction for conspiracy to distribute

---

* This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36–3.

and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). He argues that the district court clearly erred in denying his request for a minor role reduction pursuant to § 3B1.2 of the United States Sentencing Guidelines. Padilla also argues that because the drug quantity was not submitted to the jury and proved beyond a reasonable doubt, his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Padilla further claims that the district court's finding of drug quantity by a preponderance of the evidence violated the constitutional rule announced in *Apprendi* because it resulted in an increase in the statutory minimum sentence to which Padilla was subject. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

### Role Reduction Claim

Padilla cites to cases that have rejected a minor role reduction, claiming that because "[h]is participation fails to approach the degree of involvement" in those cases, he should prevail. The cases Padilla cites do not, however, stand for the proposition that a minor role reduction is appropriate if the defendant does not participate in the initial drug sale negotiations, but merely that in cases where the defendant is involved in all aspects of the negotiations, a minor role reduction is *not* appropriate. *See, e.g., United States v. Williams*, 185 F.3d 945, 946 (9th Cir.1999)(per curiam) (holding that no minor role reduction was appropriate where the defendant had conducted cocaine sales on his own as well as with the other defendant and had offered his own pager number for subsequent transactions); *United States v. Martinez–Villegas*, 993 F.Supp. 766, 780–81 (C.D.Cal. 1998) (finding that no minor role reduction was appropriate where the defendant was present during the negotiations over transportation of the cocaine and was in charge of picking up and transporting the cocaine).

■ Although it was Hector Renteria, and not Padilla, who made the initial arrangements for the drug sale with the confidential informant ("CI"), Padilla was actively involved in the transaction at the house. In addition to retrieving the fourth kilogram of cocaine from another room, Padilla participated in the conversation about the quality of the cocaine, asked the CI about the purchase money for the drugs, and participated in the negotiations with the CI about how they would get the money. Thus, the conclusion that "each defendant played a mutually supportive role, and each defendant's participation was integral to the completion of the offense" was not clearly erroneous.

### Apprendi Claims

Padilla did not object to the district court's finding of drug quantity at sentencing. Therefore, we will not grant relief unless the *Apprendi* error was "plain." *United States v. Nordby*, 225 F.3d 1053, 1059–60 (9th Cir.2000), *overruled on other grounds by United States v. Buckland*, 289 F.3d 558, 567–68 (9th Cir.2002) (en banc). In order to demonstrate plain error, an appellant must show that: (1) there was "error"; (2) the error was "plain"; and (3) the error affected "substantial rights." *Id.* at 563. If these conditions are met, we may exercise our discretion to notice the forfeited error only if the error (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

■ We have repeatedly held that no plain error under *Apprendi* exists where the defendant's actual sentence is below the statutory maximum authorized by the jury's verdict. *United States v. Antonak-*

*eas,* 255 F.3d 714, 728 (9th Cir.2001); *United States v. Saya,* 247 F.3d 929, 942 (9th Cir.)(as amended), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *United States v. Scheele,* 231 F.3d 492, 497 n. 2 (9th Cir.2000). In this case, Padilla's sentence of 97 months in prison and four years of supervised release was well below the statutory maximum authorized under 21 U.S.C. § 841(b)(1)(C) (authorizing a maximum prison term of 20 years and a "term of supervised release of *at least* 6 years in addition to such term of imprisonment" for an undetermined amount of cocaine (emphasis added)).

■ That the district court's drug quantity determination also increased Padilla's

statutory minimum sentence does not alter this result. We have held that "mandatory minimums do not implicate *Apprendi.*" *United States v. Hitchcock,* 286 F.3d 1064, 1073, as amended 298 F.3d 1021, at 1021 (9th Cir.2002)(citing *United States v. Harris,* —— U.S. ——, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)).

AFFIRMED.