**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Ramon Alberto UBENCE–ANGULO,**
**Jr. Defendant—Appellant.**

**No. 02–50612.**
**D.C. No. CR–01–02805–5–IEG.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2003.*

Decided Nov. 19, 2003.

George Aguilar, Asst. U.S. Atty., San Diego, CA, for Plaintiff-Appellee.

Janice M. Deaton, San Diego, CA, for Defendant-Appellant.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Ramon Alberto Ubence–Angulo ("Ubence–Angulo") appeals his conviction and sentence, following a jury trial, for drug trafficking and conspiracy to traffic in illegal drugs, in violation of 21 U.S.C. §§ 841 and 846. Ubence–Angulo argues that the prosecution's reliance upon perjured testimony requires reversal of his conviction. He further argues that the district court erred in denying his request for a minor role adjustment in imposing sentence for this conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

### A. Ubence–Angulo Has Not Established That Galarza's Testimony Was Untruthful

█ In challenging his conviction, Ubence–Angulo argues that his conviction should be set aside because the government had a duty to disclose that one of its principal witnesses, Ezequiel Galarza ("Galarza"), perjured himself when he testified that he had not received the benefit of a reduced sentence by agreeing to testify. If a prosecutor knowingly uses perjured testimony or knowingly fails to disclose that testimony is false, the conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the jury verdict. *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir.1998). Allegations of a violation of the government's obligation to disclose leniency agreements with prosecution witnesses are reviewed *de novo*. *United States v. Cooper*, 173 F.3d 1192, 1203 (9th Cir.1999). Claims that the prosecution presented perjured testimony not objected to at trial, are "review[ed] only if there was plain error affecting substantial rights." *Id.*

(citing *Guam v. Veloria*, 136 F.3d 648, 652 (9th Cir.1998)).

The primary stumbling block to Ubence–Angulo's argument that there were undisclosed promises regarding Galarza's ultimate sentence to six months' house arrest is that there is no basis in the record for concluding that Galarza was untruthful. When asked if he had been promised a reduced sentence in exchange for his testimony, Galarza responded "no." Galarza explained that the government promised that, if he was truthful in his testimony, it would inform the sentencing judge of his cooperation. Ubence–Angulo has presented no evidence that the government promised anything more than this. Instead, Ubence–Angulo speculates that Galarza's ultimate sentence establishes that a promise had been made at the time of Galarza's testimony four months earlier. Such speculation is not sufficient to warrant reversal. *See United States v. Cooper*, 173 F.3d 1192, 1203 (9th Cir.1999).

As to the reduction in the charges to preclude a mandatory minimum ten-year sentence, the defense had Galarza's plea agreement and cross-examined him with it. Galarza eventually acceded that he had received a "deal" in this respect. In addition, the district court instructed the jury that it should evaluate Galarza's testimony in light of the benefits he received in his plea agreement and cautioned that the jury should accord limited weight to the testimony of a witness who receives a benefit in exchange for testimony. Under these circumstances, the failure of the prosecution to correct Galarza's initial assertion that the plea to lesser charges was not a benefit could not reasonably have affected the jury's verdict. *See United States v. Alli*, 344 F.3d 1002, 1007–08 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## B. The District Court Did Not Err in Rejecting a Minor Role Adjustment

Ubence–Angulo challenges the sentence imposed by the district court on the ground that the court erred in rejecting a minor role adjustment pursuant to section 3B1.2. Section 3B1.2 provides for a two-level reduction for minor participant status if the defendant is substantially less culpable than most other participants in the offense. *United States v. Williams,* 185 F.3d 945, 946 (9th Cir.1999) (citing U.S. Sentencing Guidelines Manual § 3B1.2, cmt. n. 3). We review a district court's refusal to grant a minor role reduction, for clear error. *Id.; United States v. Sanchez–Lopez,* 879 F.2d 541, 557 (9th Cir. 1989) ("Whether a defendant is a 'minor' or 'minimal' participant in the criminal activity is a factual determination subject to the clearly erroneous standard.").

During the time he was involved in the conspiracy, Ubence–Angulo played more than a minor role. He unloaded, sorted, packed, and loaded marijuana for transport. Moreover, he supervised and paid others performing the same tasks and recruited three additional participants for the conspiracy. To the district court, this was sufficient to conclude that Ubence–Angulo did not qualify for a minor role adjustment. This finding is not clearly erroneous.

Based on the foregoing, we affirm Ubence–Angulo's conviction and sentence.

AFFIRMED.