**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30402 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00049-RRB-1 |
| v. | |
| EULOGIO F. SELUDO, AKA Louie, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted December 9, 2010**
Seattle, Washington

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and MOSKOWITZ, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

After a jury trial, Eulogio Seludo was convicted of drug conspiracy (one count), distribution of methamphetamine (five counts), attempt to possess and distribute methamphetamine (one count), and possession with intent to distribute methamphetamine (one count) under 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(c). Seludo appeals his conviction on three of the counts of distribution of methamphetamine, and he appeals his sentence.

Because the parties are familiar with the general facts of the case, we do not repeat them here. Substantial evidence supports the jury's guilty verdict on the three challenged counts. The jury was entitled to credit the testimony of the confidential informant who positively identified Seludo as a participant in the three drug sales at issue. *See U.S. v. Gillock*, 886 F.2d 220, 222 (9th Cir. 1989). A reasonable inference of guilt is also supported by the modus operandi: the three challenged transactions took place at the same location and from the same truck registered to Seludo. The same pattern was followed in the other sales for which Seludo was convicted, including the sale at which he was approached by police and then admitted to selling methamphetamine. After viewing this evidence in the light most favorable to the prosecution, a rational juror could have found Seludo guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1972).

2

It was not clear error for the district court to deny Seludo a minor role

reduction under U.S.S.G. § 3B1.2. *See United States v. Cantrell*, 433 F.3d 1269,

1282 (9th Cir. 2006). A minor role reduction is appropriate only if a defendant is

"substantially" less culpable than his co-participants. *Id.* at 1283. The district

judge denied the reduction because he found that while Seludo's co-conspirator,

Lastimosa, "may have been more involved" than Seludo was, Seludo nonetheless

had a "significant" role in the conspiracy. Given the evidence that Seludo handled

the drugs and money when he drove Lastimosa to drug sales, received shipments of

methamphetamine from Lastimosa at his residence, and arranged and conducted

sales independently when Lastimosa was out of town, we cannot say that the

district judge's finding was clearly erroneous. *See, e.g.*, *United States v. Rosas*,

615 F.3d 1058, 1068 (9th Cir. 2010) (denying minor role reduction to a defendant

who acted as a courier and seller as opposed to a "mere courier"); *United States v.*

*Williams*, 185 F.3d 945, 946 (9th Cir. 1999) (denying minor role reduction to a

defendant who arranged and conducted sales independently of his co-conspirator).

The district court did not abuse its discretion in sentencing Seludo. *See*

*United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2006). The district judge

appropriately used the Sentencing Guidelines as a starting point, allowed both

parties to argue for appropriate sentences, and considered the factors required by

18 U.S.C. § 3553(a); *see Carty*, 520 F.3d at 991. His explanation indicated that he considered the particular factors argued by Seludo, including Seludo's age, health, and likelihood of rehabilitation, in choosing a sentence at the bottom of the Guideline range. This explanation was sufficient. *See Carty*, 520 F.3d at 995. We recognize that Seludo would have preferred that the judge weigh the § 3553(a) factors–including the Guideline recommendations–differently, but we see nothing so atypical about this case to indicate that the judge abused his discretion in weighing them as he did. *See id.* at 994 (noting that a within-Guidelines sentence "will usually be reasonable") (quoting *United States v. Rita*, 551 U.S. 338, 351 (2007)); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the [§ 3553(a)] factors in a particular case is for the discretion of the district court."). The district court's sentence was both procedurally sound and substantively reasonable.

AFFIRMED.